**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| PREMIER MEDICINE LLC, ET AL. | CIVIL ACTION NO. 19-1352 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| UNITED STATES DEPARTMENT OF JUSTICE, ET AL. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court is Defendants' motion to dismiss and Plaintiffs' motion to amend their complaint. Record Documents 16 and 18. Plaintiffs opposed Defendants' motion to dismiss and Defendants replied. Record Documents 19 and 25. Defendants opposed Plaintiffs' motion to amend their complaint on the grounds that the amendment is futile. Record Document 23. Both motions are ripe for review and, because they are interrelated, the Court will consider them together. For the reasons stated herein, Plaintiffs' motion to amend [Record Document 18] is **GRANTED** and Defendants' motion to dismiss [Record Document 16] is also **GRANTED**.

### I. Background

Plaintiffs, Premier Medicine, LLC ("Premier") and Patrick H. Deere, M.D. ("Deere"), filed suit in Louisiana state court against Defendants, Theresa A. Bass ("Bass"), Bradford Byerly ("Byerly"), the United States Department of Justice, Drug Enforcement Agency ("DEA"), and the Louisiana State Board of Medical Examiners ("Board"). Record Document 6-1 at 3. In their complaint, Plaintiffs state that Premier owns a medical facility called

1

Ketamine IV Infusion and Nutrient IV Drop Medical Clinic and that Deere is the clinic's lead physician. *Id.*

They allege that prior to opening the clinic, they contacted the Board and were informed that a licensed physician was not required to be on the premises while administering Ketamine treatment to patients. *Id.* at 4. Plaintiffs do not allege that they were given written documentation of this advice. They do allege that they attempted to confirm that the clinic was in compliance with all state and federal regulations for administering Ketamine by contacting Bass, a Diversion Investigator for the DEA. *Id.* After several weeks, nobody at the DEA had responded to Plaintiffs' inquiries, and they opened the clinic believing they were in full compliance with the law. *Id.* at 5.

Plaintiffs state that on August 19, 2019, Bass—acting at all times in the scope and course of her employment at the DEA and under the direction of Byerly, a Special Agent in Charge for the DEA—came to the clinic, presented Plaintiffs with a "Stop Operations Order," instructed them to immediately cease all infusions, and seized forty-eight vials of unopened Ketamine and twenty-five vials of Midazolam. *Id.* These medications belonged to Deere and were "issued under his Physician Profile Card #FD8313645" ("Physician Profile Card") for use at the clinic. *Id*. Plaintiffs contend that Bass informed them that a doctor was required to be on site during all Ketamine treatments and "pressured" Deere to sign a "*Surrender for Cause of DEA Certificate of Registration* of his Physician Profile Card." *Id.* at 5-6.

Plaintiffs filed suit in state court alleging that Deere's Physician Profile Card was unjustly taken under false pretenses and without being provided any documentation of

their alleged violations or formal charges that they violated any rules, regulations, or guidelines. *Id.* at 6. They also allege that Defendants violated their due process rights under Article I, Section 2 of the Louisiana Constitution. *Id.* at 14. Plaintiffs seek monetary damages for their lost revenue while the clinic is unable to administer treatment and an injunction ordering that Deere's Physician Profile Card be returned and that the clinic be allowed to resume treatments. *Id.* at 6-9.

The DEA, Bass, and Byerly removed the case to federal court. Record Document 1. Subsequent to this, the Board was dismissed from the suit, leaving only the DEA, Bass, and Byerly as Defendants. Record Document 14. Defendants then filed the motion to dismiss currently pending before the Court. Record Document 16. They argue that the Court lacks subject matter jurisdiction over Plaintiffs' claims for a variety of reasons, including that this Court lacks jurisdiction because the state court lacked jurisdiction, that the United States has not waived sovereign immunity for these claims, and that Plaintiffs failed to exhaust administrative remedies. Record Document 16-1. They also contend that in the event the Court finds that it has jurisdiction over some or all of Plaintiffs' claims, Plaintiffs have failed to state a due process claim because they did not allege any facts to support their contention that Deere involuntarily signed a waiver of his due process rights. Record Document 16-1 at 23-25.

In response, Plaintiffs sought leave to amend their complaint. Record Document 18. The proposed second amended complaint brings suit against Bass and Byerly in their official and individual capacities, alleges that their suit is authorized by the Federal Tort Claims Act, and alleges that Plaintiffs' federal constitutional due process rights were

3

violated in addition to their state due process rights. Record Document 18-1. Plaintiffs oppose Defendant's motion to dismiss by arguing that their second amended complaint now identifies a statute under which the United States has waived its sovereign immunity, that administrative exhaustion is not necessary as they bring suit against Bass and Byerly in their individual capacities, and that their due process claim cannot be dismissed at this time because whether Deere voluntarily waived his rights "is a substantive and fact-dependent question." Record Document 19. Defendants oppose Plaintiffs' motion to amend on the ground that the amended complaint is futile because, even as amended, it is subject to dismissal. Record Document 23.

## II.   Plaintiffs' Motion to Amend

As set forth above, in response to Defendants' motion to dismiss, Plaintiffs filed a motion to amend their complaint. Record Document 18. Plaintiffs state that the motion was filed "out of an abundance of caution" because, while Plaintiffs had not amended their complaint in federal court, they had supplemented their complaint once in state court prior to removal. *Id.* at 2.

Federal Rule of Civil Procedure 81(c)(1) provides that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Under Rule 15, a plaintiff is entitled to amend his or her complaint "once as a matter of course" under several circumstances, including within "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Thus, Plaintiffs are allowed to amend their complaint once as a matter of course within twenty-one days of Defendant's motion to dismiss being filed. They did so, though by motion to ensure that they complied with procedural rules.

4

Because the Court finds that Plaintiffs had the right to amend their complaint without leave of court, the motion to amend is **GRANTED**.

### III. Defendants' Motion to Dismiss

Generally, when a plaintiff files an amended complaint, any pending motions to dismiss become moot. *Rodriguez v. Xerox Bus. Servs., LLC*, No. EP-16-CV-41-DB, 2016 WL 8674378, at *1 (W.D. Tex. June 16, 2016) (collecting cases). In this case, however, Defendants contend that Plaintiffs' second amended complaint failed to remedy the jurisdictional defects identified in their motion to dismiss. Because the subject matter jurisdiction challenge persists and courts are obligated to address such issues, even *sua sponte* at times, the Court will consider this issue. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties."). Further, Defendants' motion to dismiss challenged whether Plaintiffs' complaint stated sufficient facts to support a due process claim. Plaintiffs' amended complaint alleges that Bass and Byerly committed the due process violation in their individual and official capacities, but adds no additional facts to support the claim that would affect the Court's review of whether Plaintiffs have alleged sufficient facts to state a due process claim. Therefore, the Court will also address this issue.

### A. Subject Matter Jurisdiction

Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow a defendant to challenge the subject matter jurisdiction of the court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A district court may "find that subject matter

jurisdiction is lacking based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (quoting *Ramming*, 281 F.3d at 161). If such jurisdiction is lacking, the case is properly dismissed. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). As the party asserting jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Ramming*, 281 F.3d at 161. If a Rule 12(b)(1) motion is filed with other Rule 12 motions, a court should first consider the Rule 12(b)(1) challenge before addressing any challenges based on the merits. *Id.*

### 1. Derivative Jurisdiction

Defendants first argue that the Court lacks subject matter jurisdiction over Plaintiffs' claims because the state court lacked subject matter jurisdiction over the claims. Record Document 16-1 at 13-14. Defendants base this argument on the doctrine of derivative jurisdiction, which provides that when a state court lacked jurisdiction over a claim that is removed to federal court, the federal court also lacks jurisdiction over that claim, even if the federal court would have jurisdiction had the claim been filed originally in federal court. *Id.* at 14. Defendants concede that this doctrine does not apply to claims removed pursuant to 28 U.S.C. § 1441[1] because § 1441(f) abrogated the doctrine's application to cases removed pursuant to § 1441. *Id.* They argue that the doctrine is

---

[1] 28 U.S.C. § 1441 is the general removal statute which permits a defendant to remove to federal court a civil action filed in state court which could have originally been filed in federal court.

applicable to cases removed under 28 U.S.C. § 1442,[2] however, and bars the Court's exercise of jurisdiction in this matter. *Id.; Lopez v. Sentrillon Corp.,* 749 F.3d 347, 350 (5th Cir. 2014). Plaintiffs respond to this only by arguing that their second amended complaint provides a sound jurisdictional basis for this Court to exercise jurisdiction. Record Document 19 at 1-2.

The Court must begin by determining on what basis Defendants removed the instant case because the derivative jurisdiction doctrine is not applicable to all bases of removal. Defendants' notice of removal begins by stating that the removal is based on 28 U.S.C. §§ 1346[3] and 1441(a). Record Document 1 at 1. They state that Plaintiffs have sued the DEA and two DEA employees in their official capacity as agents of the DEA and that Plaintiffs seek an injunction and monetary relief. *Id.* at 2. Defendants assert that the interests of the United States are implicated in the action and conclude by requesting removal pursuant to 28 U.S.C. §§ 1441(a) and 1442. *Id.* at 3. Because Defendants have identified two sources of authority for removal—one which allows application of the derivative jurisdiction doctrine and one which does not—Defendants' derivative jurisdiction argument fails. Even if the Court were to conclude that the derivative jurisdiction doctrine bars its exercise of jurisdiction pursuant to § 1442, the Court would not be prevented from exercising jurisdiction under § 1441. Thus, the Court must consider

---

[2] 28 U.S.C. § 1442 permits the United States, federal agencies, and federal officers to remove to federal court claims originally filed in state court under the circumstances prescribed in § 1442.

[3] 28 U.S.C. § 1346, in relevant part, confers jurisdiction upon federal district courts to hear certain categories of claims for monetary damages against the United States.

7

whether it has jurisdiction in this matter without reference to whether the state court had jurisdiction over Plaintiffs' claims.

### 2. Sovereign Immunity

Defendants contend that the Court lacks jurisdiction in this matter because they are entitled to sovereign immunity. The doctrine of sovereign immunity dictates that the United States cannot be sued without the consent of Congress. *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 316 (5th Cir. 2009). Sovereign immunity is jurisdictional, and a court lacks jurisdiction to hear a claim against the United States unless the plaintiff identifies a statute in which Congress has unequivocally expressed a waiver of sovereign immunity in statutory text. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). This immunity extends to federal agencies and to federal government agents sued in their official capacities. *Lewis v. Clarke*, 137 S. Ct. 1285, 1290 (2017).

As amended, Plaintiffs' complaint states that their suit is against Bass and Byerly in both their official and individual capacities. Record Document 18-1 at 2-3. Plaintiffs allege that Bass and Byerly "negligently and intentionally deprived" them of their due process rights under the Fifth Amendment. *Id.* at ¶ 17a. Plaintiffs contend that the DEA negligently hired, trained, and supervised Bass and Byerly. *Id.* at ¶ 17b. They identify the Federal Tort Claims Act ("FTCA") as the statute in which the United States waived sovereign immunity and consented to suit "on all alleged negligent torts." *Id.* at ¶ 17c. Plaintiffs also allege that Bass, Byerly, and the DEA "intentionally and negligently deprived Plaintiffs of due process owed under Article I, Section 2 of the Constitution of Louisiana."

*Id.* at ¶ 17d. They state that this is "remediable under state law; and that pendent jurisdiction is possessed by this Court." *Id.* In their opposition to Defendants' motion to dismiss, Plaintiffs cite to the aforementioned paragraphs regarding the FTCA and the Louisiana state constitution and assert that their complaint "as supplemented now unmistakably alleges statutes under which the United States has consented to suit." Record Document 19 at 2, n.4.

Defendants contend that the FTCA does not confer subject matter jurisdiction on the Court because the FTCA requires compliance with statutory prerequisites to suit that Plaintiffs do not allege they have completed. Record Document 25 at 3. Additionally, the FTCA does not allow suit against the DEA or its officers in their official capacity for a constitutional tort. *Id.* They posit that Plaintiffs may have intended to assert *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), as a source of jurisdiction, but argue that the Court lacks jurisdiction under *Bivens* to hear Plaintiffs' federal constitutional tort claims against the Bass and Byerly in their official capacities because a *Bivens* action may only be maintained against a federal officer in his or her individual capacity. Record Document 23 at 4-5.

### a. Federal Tort Claims Act

28 U.S.C. § 1346 gives federal district courts:

> [E]xclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

9

28 U.S.C. § 1346(b)(1). Importantly, this is "subject to the provisions of chapter 171 of" Title 28. *Id.* Claims brought under Chapter 171 must be presented to the appropriate federal agency before initiating suit. 28 U.S.C. § 2675(a). The presentment "requirement is a prerequisite to suit under the FTCA" and a court lacks jurisdiction over a claim that has not been administratively exhausted. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011); *Farmer v. Louisiana Elec. and Fin. Crimes Task Force*, 553 F. App'x 386, 388 (5th Cir. 2014). Additionally, an FTCA claim "may be brought only against the 'United States,' and not the agencies or employees of the United States." *Walters v. Smith*, 409 F. App'x 782, 783 (5th Cir. 2011) (citing *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988)). The FTCA does not waive sovereign immunity for constitutional torts. *Spotts v. United States*, 613 F.3d 559, 569 n.7 (5th Cir. 2010) ("[A] constitutional violation does not provide a proper predicate for an FTCA claim.").

Here, Plaintiffs' attempt at using the FTCA as the jurisdictional basis for their claims fails for several reasons. First, Plaintiffs have not named the United States as a defendant. Second, the complaint fails to plead that they presented their claims to any federal agency before filing suit and, thus, they have not satisfied the presentment prerequisite necessary for the Court to exercise subject matter jurisdiction over any claim filed under the FTCA. Third, even if Plaintiffs had properly exhausted their claims and named the correct defendant, the FTCA does not waive sovereign immunity for constitutional torts, and so it still would not provide a jurisdictional basis for Plaintiffs' claim regarding the alleged violation of their due process rights. Finally, the statutes Plaintiffs cite only waive sovereign immunity for civil claims for money damages, so Plaintiffs cannot rely on the

10

FTCA as the source authorizing their suit for equitable relief. 28 U.S.C. § 1346(b). Hence, the FTCA does not waive sovereign immunity and provide a jurisdictional basis for any claims against any Defendant in any capacity in this suit, so Plaintiffs' FTCA claims are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

### b. *Bivens* Claim

Plaintiffs allege that Bass and Byerly, while acting in the course and scope of their employment with the DEA, "negligently and intentionally deprived Plaintiffs of due process owed under the Fifth Amendment." Record Document 18-1 at ¶ 17a. Because Plaintiffs allege a constitutional tort, the Court will consider whether it has jurisdiction under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*.

In *Bivens* and its progeny, "the Supreme Court recognized an implied cause of action for damages against federal officers for violating" the Fourth, Fifth, and Eighth amendments. *Canada v. United States*, 950 F.3d 299, 305 (5th Cir. 2020). *Bivens* does not authorize a court to hear claims against a federal agency or federal agents in their official capacity. *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (citing *Corr. Sers. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Consequently, *Bivens* does not waive sovereign immunity and give the Court jurisdiction over Plaintiffs' claim that the DEA, Bass in her official capacity, or Byerly in his official capacity violated their Fifth Amendment rights and these claims are **DISMISSED without prejudice**. Sovereign immunity does not preclude the Court from exercising jurisdiction over a claim for money damages against Bass and Byerly in their individual capacities for violation of a constitutional right pursuant to *Bivens,* however.

11

Thus, the Court will first determine whether it has jurisdiction over the remainder of Plaintiffs' claims. Then, the Court will address whether Plaintiffs have successfully stated a *Bivens* claim.

### c. Louisiana Constitution

Finally, Plaintiffs also allege that "all defendants" intentionally and negligently violated their due process rights under Article 1, Section 2 of the Louisiana Constitution. Record Document 18-1 at ¶ 17d. They state that the "injury is remediable under state law" and assert that the Court has pendent jurisdiction over the claim. *Id.* Plaintiffs do not identify a statute in which the United States waived sovereign immunity and consented to suit for violations of a state constitutional right. For the reasons previously explained, the FTCA does not permit this claim. Thus, Plaintiffs' Louisiana constitutional due process claims against the DEA, Bass in her official capacity, and Byerly in his official capacity are **DISMISSED without prejudice** for lack of jurisdiction.

Plaintiffs also failed to identify a statute which authorizes filing suit against a federal official acting in his or her individual capacity for violation of a Louisiana constitutional right. As previously explained, *Bivens* and its progeny only create a cause of action for violation of certain federal constitutional rights, and thus does not provide the Court with a jurisdictional basis to consider an alleged state constitutional violation. Therefore, Plaintiffs' Louisiana constitutional due process claims against Bass and Bylerly in their individual capacities are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

### B. Failure to State a Claim Under *Bivens*

Because the Court has concluded that it has jurisdiction over the Fifth Amendment due process claims against Bass and Byerly in their individual capacities, it will consider whether Plaintiffs have alleged a due process violation that could serve as the foundation for a *Bivens* action. *See Hernandez v. Mesa*, 137 S. Ct. 2003, 2007 (2017) (noting that in many cases it is appropriate to address whether a plaintiff has alleged a constitutional violation before deciding whether a *Bivens* remedy exists for the alleged constitutional violation).

#### 1. Rule 12(b)(6) Standard

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. *See Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed for

failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A dismissal under 12(b)(6) ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558. A court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Wolcott*, 635 F.3d at 763 (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

### 2. Plaintiffs' Due Process Claim

As amended, Plaintiffs' complaint alleges that Bass, acting under the direction of Byerly, arrived at the clinic and "presented a 'Stop Operations' Order to plaintiff's employees and instructed them to cease all infusion treatments immediately." Record Document 6-1 at 5. They state that Bass "pressured" Deere to "sign a *Surrender for Cause of DEA Certificate of Registration* of his Physician Profile Card." *Id.* at 6. Plaintiffs conclude that these acts demonstrate that Bass and Byerly "negligently and intentionally deprived Plaintiffs of due process owed under the Fifth Amendment" of the United States constitution. Record Document 18-1 at ¶ 17a.

Defendants assert that the above allegations do not successfully state a due process claim. First, they dispute whether Deere has a constitutionally protected property

interest in the Physician Profile Card.[4] Record Document 16-1 at 23. Second, they contend that even if he does have a property interest, Deere voluntarily waived his due process rights by signing the Surrender for Cause of DEA Certificate of Registration form, and this waiver is valid as long as the waiver is voluntary and the individual is aware of the significance of the waiver. *Id.* at 23- 24. Defendants argue that Deere does not claim that he was unaware that signing the form constituted a waiver of his rights and that he has failed to present any facts to support his claim that he was "pressured" into signing the form such that the waiver was involuntary. *Id.* at 24. Plaintiffs respond that whether his wavier was informed and voluntary "is a substantive and fact-dependent question that cannot be resolved in a motion to dismiss." Record Document 19 at 2.

     The due process clause of the Fifth Amendment states in relevant part that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. This includes the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). These rights can be waived, however, as long as the waiver is made knowingly and voluntarily. *McCarthy v. Mukasey*, 555 F.3d 459, 462 (5th Cir. 2009) (citing *Nose v. Attorney Gen.*, 993 F.2d 75, 79 (5th Cir. 1993)).

---

[4] Plaintiffs' complaint does not specify which Plaintiff is bringing the due process claim. Defendants contend that Deere is the only Plaintiff who can properly assert this claim because "to the extent that there is any legally protected property interest in a DEA registration, it would belong to the registrant, Dr. Deere, not Premier Medicine." Record Document 16-1 at 14-15. Because the Court ultimately concludes that Plaintiffs have failed to state a due process claim, it does not address whether Premier could properly bring a due process claim in this case.

15

In this case, assuming arguendo that Deere has a constitutionally protected property interest in his Physician Profile Card, Plaintiffs have still failed to state a claim because their complaint does not allege that Deere was unaware that he was waiving his rights to contest the revocation of his Physician Profile Card by signing the Surrender for Cause of DEA Certificate of Registration form and the complaint states no facts to support an allegation that he involuntarily signed the form.[5] Plaintiffs merely state that Deere was "pressured" into signing the form. Despite their attempt to amend their complaint, they still provide no details regarding the nature or extent of the alleged pressure. This conclusory statement is insufficient to support a claim that Deere's waiver of due process was involuntary, and Plaintiffs' due process claim is **DISMISSED with prejudice**.

## IV. Conclusion

For the aforementioned reasons, Plaintiffs' motion to amend [Record Document 18] is **GRANTED**. Defendants' motion to dismiss [Record Document 16] is also **GRANTED**. Even as amended, Plaintiffs' claims against the DEA, Bass in her official capacity and Byerly in his official capacity are **DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiffs' Louisiana constitutional due process claims are **DISMISSED without prejudice** for lack of subject matter jurisdiction. To the extent that Plaintiffs intended to bring claims against Bass and Byerly in their individual capacities

---

[5] Plaintiffs' complaint does allege that the Physician Profile Card was taken under "false pretenses." However, this allegation relates to Plaintiffs' contention that they were operating in full compliance with all laws and regulations, not to a claim that Deere was somehow uniformed or misinformed about the consequences of signing the Surrender for Cause of DEA Certificate of Registration form. Record Document 6-1 at 6, ¶ 12.

16

pursuant to *Bivens*, these are **DISMISSED with prejudice** for failure to state a claim.

A judgment consistent with this ruling will issue herewith.

**THUS DONE AND SIGNED** this 20th day of January, 2021.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE